UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CRAIG CUNNINGHAM, | |
| Plaintiff, | Case No.: |
| v. | **CLASS ACTION COMPLAINT** |
| YUSPEH RAPPAPORT LAW LLC, RELIABLE LEGAL MARKETING CONSULTING, LLC, and DOES 1-20, | **JURY DEMANDED** |
| Defendants. | |

Now comes the Plaintiff, CRAIG CUNNINGHAM ("Plaintiff"), by and through his attorneys, and for his Class Action Complaint against the Defendants, YUSPEH RAPPAPORT LAW LLC, RELIABLE LEGAL MARKETING CONSULTING, LLC, and DOES 1-20, Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENTS**

1. This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, resulting from the illegal actions of Defendants in negligently, knowingly, and/or willfully placing, through its agent(s), sales, solicitation, and/or other telemarketing calls to Plaintiff's cellular telephone, in violation of the TCPA and related regulations, thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints

about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on the TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13.

5. Persons, like Plaintiff herein, have no control to stop unsolicited and unwanted telemarketing calls.

6. According to the Federal Communications Commission's website, accessed on December 21, 2020 at https://www.fcc.gov/consumers/guides/stop-unwanted-robocalls-and-texts:

> The national Do Not Call list protects landline and wireless phone numbers. You can register your numbers on the national Do Not Call list at no cost… Telemarketers must remove your numbers from their call lists and stop calling you within 31 days from the date you

register. Your numbers will remain on the list until you remove them or discontinue service – there is no need to re-register numbers.

7. Plaintiff and the members of the proposed Classes defined below received unsolicited, automated telemarketing calls, all because Defendants wished to advertise and market Defendants' products and/or services for Defendants' own benefit.

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this civil action arises under a law of the United States, the TCPA.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because one of the Defendants resides within this District, and a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

10. Plaintiff is an individual who was at all relevant times residing in McKinney, Texas.

11. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

12. On information and belief, Defendant YUSPEH RAPPAPORT LAW LLC ("Yuspeh") is a limited liability company of the State of Ohio, whose principal place of business is located in Lyndhurst, Ohio.

13. On information and belief, Defendant RELIABLE LEGAL MARKETING CONSULTING, LLC ("Reliable") is a limited liability company of the State of Florida, which is not registered with the Secretary of State to do business in Ohio, and whose principal place of business is located in Delray Beach, Florida.

14. On information and belief, at all times relevant hereto, Defendant Yuspeh was engaged in the marketing and sale of legal services.

15. On information and belief, at all times relevant hereto, Defendant Reliable was a vendor placing telemarketing calls on behalf of Yuspeh, and was an authorized agent of Yuspeh.

16. Defendant Yuspeh is a "person" as defined by 47 U.S.C. § 153(39).

17. Defendant Reliable is a "person" as defined by 47 U.S.C. § 153(39).

18. The true names and capacities of the Defendants sued herein as DOES 1-20 are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

19. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTS COMMON TO ALL COUNTS

20. Prior to the year 2020, Plaintiff successfully registered his cellular telephone number ending in -7262 with the National Do-Not-Call Registry

21. On or about December 11, 2020, Defendants began placing unsolicited, automated telemarketing telephone calls to Plaintiff's cellular telephone numbers ending in -7262 and -1977.

22. When Plaintiff answered Defendants' calls, he heard a significant pause before he was connected to a live representative, which is indicative of the use of an automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1) and as prohibited by 47 U.S.C. § 227(b)(1)(A).

23. When Plaintiff answered one of Defendants' calls, the representative with whom Plaintiff spoke stated that he was calling from the medical compensation department.

24. Plaintiff received multiple unsolicited, automated telemarketing calls made by or on behalf of Defendants, on or about December 11, 2020.

25. The telephone numbers that Defendants, or their agent, called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

26. Defendants' calls were not made for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

27. Prior to receiving Defendants' calls, Plaintiff had not previously sought out Defendants' services, nor had Plaintiff attempted to retrieve information from Defendants about their services.

28. During all relevant times, Defendants did not possess Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

29. Plaintiff alleges upon information and belief, including without limitation his experiences as recounted herein, especially his experience of receiving Defendants' calls despite Defendants' lack of express consent to call him, that Defendants lack reasonable policies and procedures to avoid the violations of the Telephone Consumer Protection act herein described.

30. As a result of Defendants' acts and omissions outlined above, Plaintiff and the putative Class members have suffered concrete and particularized injuries and harm, which include, but are not limited to, the following: (a) invasion of privacy; (b) intrusion upon and occupation of the capacity of Plaintiff's cellular telephone; (c) wasting Plaintiff's time; and (d)

risk of injury due to interruption and distraction when receiving unwanted telephone calls from Defendants.

## CLASS ALLEGATIONS

31. Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (the "ATDS Class") defined as follows:

> All persons within the United States who received any solicitation/telemarketing calls from Defendants to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls, or who had revoked such consent, within the four years prior to the filing of this Complaint through the date of class certification.

32. Plaintiff also brings this action on behalf of himself and all others similarly situated, as a member of the second proposed class (the "Do-Not-Call Class") defined as follows:

> All persons within the United States whose telephone numbers were registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendants prior express consent nor had a prior established business relationship with Defendants, or who had revoked such consent or prior established business relationship, who received more than one call made by or on behalf of Defendants that promoted Defendants' products or services, within any 12-month period, within four years prior to the filing of this Complaint through the date of class certification.

33. Plaintiff also brings this action on behalf of himself and all others similarly situated, as a member of the third proposed class (the "Misrepresentation Class") defined as follows:

> All persons within the United States who had not granted Defendants prior express consent nor had a prior established business relationship with Defendants, or who had revoked such consent or prior established business relationship, who received a call made by or on behalf of Defendants that promoted Defendants' products or services, during which Defendants misrepresented the person or entity on whose behalf the call was being made, within four years prior to the filing of this Complaint through the date of class certification.

6

34. Defendants, their employees and agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes, but believes the Classes' members number in the hundreds, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

35. The Classes are so numerous that the individual joinder of all of their members is impractical. While the exact number and identities of the Classes' members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Classes include hundreds, if not thousands of members. Plaintiff alleges that the Classes' members may be ascertained by the records maintained by Defendants.

36. This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Classes are so numerous that joinder of the Classes' members is impractical and the disposition of their claims in the Class Action will provide substantial benefits both to the parties and the Court.

37. There are questions of law and fact common to the Classes affecting the parties to be represented. The questions of law and fact common to the Classes predominate over questions which may affect individual members of the Classes and include, but are not necessarily limited to, the following:

    a. Whether the ATDS Class members' cellular telephone numbers were called by Defendants using an automatic telephone dialing system or an artificial or prerecorded voice without Defendants having obtained prior express consent to place such calls;

      b.      Whether the Do-Not-Call Class members' telephone numbers were called by Defendants for the promotion of Defendants' products or services without Defendants having obtained prior express consent or having a prior established business relationship to place such calls;

      c.      Whether the Misrepresentation Class members' telephone numbers were called by Defendants for the promotion of Defendants' products or services with the use of a name other than the actual person or entity on whose behalf the calls were being made;

      d.      Whether members of the Classes granted Defendants prior express consent to place such calls to them and/or whether they revoked any such consent;

      e.      Whether Plaintiff and the Classes' members were damaged thereby, and the extent of damages for such violations; and

      f.      Whether Defendants should be enjoined from engaging in such conduct in the future.

38.    As a resident of the United States whose cellular telephone number was called by Defendants using an automatic telephone dialing system or an artificial or prerecorded voice on multiple occasions without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the ATDS Class.

39.    As a resident of the United States whose telephone number was registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendants prior express consent nor had a prior established business relationship with Defendants, who received more than one call made by or on behalf of Defendants within a 12-month period that promoted Defendants' products or services, Plaintiff is asserting claims that are typical of the Do-Not-Call Class.

40. As a resident of the United States who had not granted Defendants prior express consent nor had a prior established business relationship with Defendants, who received a call that promoted Defendants' products or services, during which the person or entity on whose behalf the call was being made was misrepresented, Plaintiff is asserting claims that are typical of the Misrepresentation Class.

41. Plaintiff has no interests adverse or antagonistic to the interests of the other members of the Classes.

42. Plaintiff will fairly and adequately protect the interests of the members of the Classes. Plaintiff has retained attorneys experienced in the prosecution of class actions.

43. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all of the Classes' members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments and would magnify the delay and expense to all parties, and to the court system, resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system and protects the rights of each Class member. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

44. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the

interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

45. Defendants have acted or refused to act in respect generally applicable to the Classes, thereby making appropriate final and injunctive relief with regard to the members of the Classes as a whole.

46. Defendants failed to comply with the requirements of the TCPA, including but not limited to 47 U.S.C. § 227(b) and (c), and/or 47 C.F.R. § 64.1200(c) and (d), as to all Class members with respect to the above-alleged transactions.

47. The TCPA, specifically 47 U.S.C. § 227(b)(1)(A)(iii), provides that:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States…

48. 47 C.F.R. § 64.1200(c)(2) provides that:

> [n]o person or entity shall initiate any telephone solicitation to…[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

49. 47 C.F.R. § 64.1200(d)(4) provides that:

> A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted.

50. In multiple instances, Defendants placed calls to the Classes' members in violation of the TCPA, 47 U.S.C. § 227, *et seq.*

51. The size and definition of the Classes can be identified through Defendants' records and/or Defendants' agents' records.

### COUNT I
### NEGLIGENT VIOLATION OF THE
### TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227(b)
### ON BEHALF OF THE ATDS CLASS

52. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 51 above as if reiterated herein.

53. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including, but not limited to, each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.*, and 47 U.S.C. § 227(b).

54. As a result of Defendants' negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the ATDS class members are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

55. Plaintiff and the ATDS class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### COUNT II
### KNOWING AND/OR WILLFUL VIOLATION OF THE
### TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227(b)
### ON BEHALF OF THE ATDS CLASS

56. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 51 above as if reiterated herein.

57. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*, and 47 U.S.C. § 227(b).

58. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the ATDS class members are entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

59. Plaintiff and the ATDS class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT III
## NEGLIGENT VIOLATION OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(c)
## ON BEHALF OF THE DO-NOT-CALL CLASS

60. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 51 above as if reiterated herein.

61. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including, but not limited to, each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.*, and the implementing regulations of 47 C.F.R. 64.1200(c).

62. As a result of Defendants' negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Do-Not-Call class members are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

63. Plaintiff and the Do-Not-Call class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT IV
## KNOWING AND/OR WILLFUL VIOLATION OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(c)
## ON BEHALF OF THE DO-NOT-CALL CLASS

64. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 51 above as if reiterated herein.

65. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*, and the implementing regulations of 47 C.F.R. 64.1200(c).

66. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Do-Not-Call class members are entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

67. Plaintiff and the Do-Not-Call class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT V
## NEGLIGENT VIOLATION OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(c)
## ON BEHALF OF THE MISREPRESENTATION CLASS

68. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 51 above as if reiterated herein.

69. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including, but not limited to, each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.*, and the implementing regulations of 47 C.F.R. 64.1200(d).

70. As a result of Defendants' negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Misrepresentation class members are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

71. Plaintiff and the Misrepresentation class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### COUNT VI
### KNOWING AND/OR WILLFUL VIOLATION OF THE
### TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227(c)
### ON BEHALF OF THE MISREPRESENTATION CLASS

72. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 51 above as if reiterated herein.

73. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*, and the implementing regulations of 47 C.F.R. 64.1200(d).

74. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Misrepresentation class members are entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

75. Plaintiff and the Misrepresentation class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment against Defendants as follows:

a.  An order certifying the ATDS Class, the Do-Not-Call Class, and the Misrepresentation class, and appointing Plaintiff as Representative of the Classes;

b.  An order certifying the undersigned counsel as counsel for the Classes;

c.  An order requiring Defendants, at their own cost, to notify all Class members of the unlawful, unfair, deceptive, and unconscionable conduct herein;

d.  Judgment against Defendants in the amount of $500.00 in statutory damages for each and every negligent violation of the TCPA by Defendants;

e.  Judgment against Defendants in the amount of $1,500.00 in statutory damages for each and every knowing and/or willful violation of the TCPA by Defendants;

f.  An order for injunctive relief prohibiting such conduct by Defendants in the future;

g.  Judgment against Defendants for Plaintiff's court costs and other litigation costs; and

h.  Any other relief deemed just and proper by this Court.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action which are so triable.

RESPECFULLY SUBMITTED,

CRAIG CUNNINGHAM

By: /s/ David B. Levin
    Attorney for Plaintiff
    Ohio Attorney No. 0059340
    Law Offices of Todd M. Friedman, P.C.
    111 W. Jackson Blvd., Suite 1700
    Chicago, IL 60604
    Phone: (224) 218-0882
    Fax: (866) 633-0228
    dlevin@toddflaw.com